```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
─────────────────────────────

ANTHONY HUNTER,

                      Plaintiff,        **1:15-cv-00610-MAT**

                                            **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                      Defendant.

─────────────────────────────

## I. INTRODUCTION

Represented by counsel, Anthony Hunter ("Plaintiff") has brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. PROCEDURAL BACKGROUND

In April 2012, Plaintiff protectively filed a Title II application for DIB and a Title XVI application for SSI, alleging disability beginning November 6, 2010, due to a heart condition, chest pain, depression, sleep apnea, arthritis in his hands, tendinitis in his feet, a steel rod in his right arm, and shoulder problems. Administrative Transcript ("T.") at 305-319, 337. Plaintiff's applications were initially denied and he timely requested a hearing, which was held before administrative law judge ("ALJ") Marilyn Zahm on June 25, 2013 and October 28, 2013. T. 44-163. On February 13, 2014, the ALJ issued an unfavorable decision. T. 14-43. Plaintiff's request for review was denied by the Appeals Council on May 14, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2012. T. 20. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from November 6, 2010, the alleged onset date. *Id.*

At step two, the ALJ determined that Plaintiff had the severe impairments of asthma, shoulder pain, arthritis, sleep apnea,

depressive disorder, and anxiety disorder, and the non-severe impairments of heart condition, boils, and substance abuse. *Id*.

At step three, the ALJ considered Plaintiff's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment. *Id*. In particular, the ALJ considered Listings 1.02 (dysfunction of a major weight-bearing joint due to any cause), 3.03 (asthma), 3.10 (sleep-related breathing disorders), 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.09 (substance addiction disorders). *Id*.

Prior to proceeding to step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the following additional limitations: must avoid exposure to concentration of fumes, odors, gases, dusts, or poor ventilation; can push and pull occasionally; can occasionally climb, balance, stoop, kneel, crouch, and crawl; can have occasional contact with others; is limited to simple, routine work; forward elevation of the right upper extremity is limited to 80 degrees and forward elevation of the left upper extremity is limited to 90 degrees. T. 22.

At step four, the ALJ determined that Plaintiff was incapable of performing his past relevant work. T. 34. At step five, the ALJ relied on a vocational expert's testimony to find that there are other jobs that exist in significant numbers in the national

-3-

economy and state-wide that Plaintiff can perform, including inspector, assembler of electrical accessories, and office helper. T. 34-25. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 35.

## IV. DISCUSSION

### A. SCOPE OF REVIEW

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff argues that remand is required because (1) the ALJ violated the treating physician rule in failing to accord controlling weight to the opinion of treating physician Dr. Winston G. Douglas, and (2) the ALJ was unduly adversarial

towards Plaintiff, thereby depriving him of a full and fair hearing. For the reasons set forth below, the Court finds these arguments without merit.

**B.     The ALJ did not Violate the Treating Physician Rule**

Plaintiff's first argument is that the ALJ erred in affording less than controlling weight to Dr. Douglas' opinion. Dr. Douglas, Plaintiff's primary care physician, submitted a letter dated March 30, 2012 in which he stated that Plaintiff had a history of chronic shoulder pain, fibromyalgia, alcohol dependency, and depression, that Plaintiff has difficulty functioning due to chronic pain, and that Plaintiff "has not been able to work due to his underlying illness." T. 540.

On May 3, 2013, prior to the administrative hearing, the ALJ submitted 14 multi-part, written interrogatories to Dr. Douglas, seeking additional information regarding Plaintiff's functioning. T. 435-442. In these interrogatories, the ALJ asked Dr. Douglas to specifically identify the impairments for which he had treated Plaintiff and to identify the objective signs of each impairment, among other questions. T. 435. Dr. Douglas did not reply to the ALJ's interrogatories.

In her decision, the ALJ gave little weight to Dr. Douglas' opinion, explaining that it was unsupported by his treatment notes and that Dr. Douglas had not responded to her questions seeking an explanation for his statement. T. 33. Plaintiff contends that

these did not constitute "good reasons" to afford Dr. Douglas' opinion less than controlling weight. The Court disagrees.

Under the Commissioner's Regulations in effect at the time of the ALJ's decision, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117,

129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); see also 20 C.F.R. §§ 404.1527(c)(1)-(6).

In this case, the Court finds that the ALJ adequately explained her reasons for affording limited weight to Dr. Douglas' opinion. The Commissioner's Regulations specifically contemplate that when a treating physician's opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques[,]" 20 C.F.R. § 1527(d)(2), an ALJ is not bound to give it controlling weight. Here, as the ALJ correctly found, Dr. Douglas' opinion that Plaintiff was totally disabled was unsupported by the objective medical evidence.

The objective medical evidence of record in this case is not consistent with the severe restrictions identified by Dr. Douglas. Cardiac testing by cardiologist Dr. Kenton Forte on February 1, 2010, showed appropriate heart rate response, no malignant arrhythmias, and no cardiac symptoms. T. 529. Dr. Forte assessed Plaintiff with good work tolerance and mildly reduced functional capacity. *Id.* An echocardiogram performed in March 2012 showed no new wall motion abnormalities, with retained left ventricular systolic function and ejection fraction in excess of 60 percent. T. 535.

Imaging of Plaintiff's shoulder showed similarly mild impairments. An x-ray of Plaintiff's left shoulder performed on December 6, 2012 revealed no osseous or articular abnormality,

while an x-ray of the left shoulder performed on January 11, 2013 showed only mild osteoarthritis of the left AC joint.  T. 762, 782.

Physical examinations performed by Dr. Forte and consultative examiner Dr. John Schwab were also largely benign.  Dr. Forte examined Plaintiff on both November 1, 2010 and March 15, 2012. T. 527, 531.  On both occasions, he had a normal gait for his age, no scoliosis or thoracic kyphosis, and 5/5 strength bilaterally in his upper and lower extremities.  *Id*.

Dr. Schwab examined Plaintiff on July 31, 2012.  T. 558-61. Plaintiff was in no acute distress, had a normal gait, and could walk on his heels and toes without difficulty. T. 559.  He was asked to squat, but stopped two-thirds of the way down, claiming that his leg muscles had tightened.  *Id*.  Plaintiff's chest and lungs were clear to auscultation, with no significant chest wall abnormality and normal diaphragmatic motion.  T. 560.  His heart had a regular rhythm, with no murmur, gallop, or rub audible.  *Id.* Plaintiff's cervical spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally.  *Id*. Plaintiff declined lumbar spine extension, and had lumbar spine flexion of 30 degrees, with right lateral flexion of 10 degrees and left lateral flexion of 20 degrees.  *Id*.  He had a full range of motion in his elbows and forearms bilaterally, as well as in his hips, knees, and ankles bilaterally.  *Id.*  His joints were stable and non-tender, with no redness, heat, swelling, or effusion.  *Id.* He had 5/5 strength in his lower and upper extremities, with no

cyanosis, clubbing, or edema. *Id*. His hand and finger dexterity were intact, with 5/5 grip strength bilaterally. T. 561. Dr. Schwab noted that Plaintiff's physical examination was not consistent with his reported medical history, and opined that his only restriction was a possible "mild restriction to reaching his arms above shoulder height." *Id*.

Dr. Douglas' treatment records do not provide significant objective support for his opinion. They largely memorialize Plaintiff's subjective complaints of pain but, as the ALJ correctly noted, Plaintiff is not credible. There is evidence in the record that he was engaged in drug-seeking behavior - indeed, his treating psychiatrist, Dr. Wendy Weinstein, noted at her initial evaluation of Plaintiff that he thought she was going to prescribe him pain medication and that he was disappointed when she explained she could not do so. T. 508. Plaintiff also told inconsistent stories about his daily activities to his various treatment providers, as well as admitting that he lied to employers about his educational history. *See* T. 160-61. As the ALJ further noted, Plaintiff failed to follow up with referrals to pain management doctors, alcohol treatment, and hand and orthopedic specialists. T. 33. Under these circumstances, it was not error for the ALJ to find Plaintiff's subjective complaints of pain, swelling, and other limitations not credible, and therefore not an appropriate basis for Dr. Douglas' opinion. An ALJ is not required to give controlling weight to a treating physician's opinion if it is

"based largely upon [the claimant's] subjective responses, which were not themselves entirely credible." *Roma v. Astrue*, 468 F. App'x 16, 19 (2d Cir. 2012).

The ALJ also did not err in noting that Dr. Douglas did not respond to her request for an explanation of his statement regarding Plaintiff's functioning. Dr. Douglas' letter was conclusory, and provided no narrative explanation or other support for his assessment. Courts in this Circuit have consistently held that "lack of supporting detail and/or objective findings provides a ... reason for affording [an] opinion less weight." *Wright v. Colvin*, 2013 WL 3777187, at *15 (N.D.N.Y. July 17, 2013) (citing 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3)) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Dr. Douglas' failure to provide an explanation for his opinion was a valid consideration for the ALJ in determining what weight it should be afforded.

*McAninch v. Astrue*, 2011 WL 4744411(W.D.N.Y. Oct. 6, 2011), on which Plaintiff relies, is inapposite. In *McAninch*, the ALJ sent a 59-question questionnaire to the plaintiff's treating physicians without an explanation of why it was sent, and despite the fact that at least one of those physicians had already provided a seven-page report assessing the plaintiff's functional limitations. *Id*.

at *16-17. Under those particular circumstances, the Court found that it was inappropriate for the ALJ to afford less than controlling weight to the treating physicians' opinions based on their failure to complete the follow-up questionnaire. In this case, unlike in *McAninch*, Dr. Douglas had provided only a four-sentence letter, and had failed to explain the basis for his opinion. Moreover, the ALJ explained in her cover letter that the interrogatories had been sent because she did not have enough information to understand the basis for Dr. Douglas' opinion. These are fundamentally different circumstances than those that led the Court to order remand in *McAninch*.

For all the reasons discussed above, the Court concludes that the ALJ did not err in affording limited weight to Dr. Douglas' opinion. Accordingly, Plaintiff has not shown that remand is warranted on this basis.

**C. The ALJ was not Unduly Hostile**

Plaintiff's second and final argument is that the ALJ was unduly hostile, resulting in a proceeding that fundamentally lacking fairness. Again, the Court disagrees.

"Before determining whether the Commissioner's conclusions are supported by substantial evidence . . . [the Court] must first be satisfied that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation omitted and second alteration in

original). "In the absence of . . . a full and fair hearing, the Court cannot determine whether the ALJ's conclusions are supported by substantial evidence and thus must remand for further development." *Estrada v. Comm'r of Soc. Sec.*, 2014 WL 3819080, at *4 (S.D.N.Y. June 25, 2014).

Here, Plaintiff contends, based on *McAninch*, that the ALJ, by sending interrogatories to Dr. Douglas, evidenced such hostility towards Plaintiff as to deprive him of a full and fair hearing. This argument lacks merit. As the Court explained above, the circumstances in this case are fundamentally different than those in *McAninch*, inasmuch as Dr. Douglas had failed to provide any explanation whatsoever for his assessment of Plaintiff's functioning. The ALJ has an affirmative obligation to develop the record in every case, and the Court is not persuaded that her attempt to do so here was evidence of hostility towards Plaintiff or of an attempt to undermine his claim.

Plaintiff argues that the ALJ highlighted what he characterizes as small inconsistencies in his testimony, and contends that this is further evidence of her alleged bias. This argument is also without merit. The ALJ was charged with evaluating Plaintiff's credibility, and it was therefore highly relevant that Plaintiff's testimony was inconsistent with his past statements. The Court disagrees with Plaintiff's assertion that the inconsistencies identified by the ALJ had limited relevancy -

when the issue is credibility, inconsistencies are relevant by definition.

In sum, the Court, having reviewed the record, does not find any evidence of hostility or inappropriate bias on the part of the ALJ. Accordingly, the Court finds that Plaintiff was afforded a full and fair hearing, and that remand is not warranted.

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 10) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 13) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      **S/Michael A. Telesca**
                                      _____

                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    February 8, 2018
           Rochester, New York